UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHI BRIONES,<br><br>　　　　　　　Petitioner,<br>　　v.<br>WILLIAM REUBART, *et al.*,<br>　　　　　　　Respondents. | Case No. 3:22-cv-00087-MMD-CSD<br><br>ORDER |

*Pro se* Petitioner Richi Briones has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before the Court for consideration of Briones's motion for appointment of counsel (ECF No. 1-2 ("Motion")) and an initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs service of the Petition and grants Briones's Motion.

　　　　Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

///
///
///
///
///

## I. BACKGROUND

Briones challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See Nevada v. Richi Briones*, Case No. C-17-323286-1.[1] On August 23, 2019 and September 18, 2019, the state court entered a judgment of conviction and amended judgment of conviction, respectively, for two counts of first-degree murder with the use of a deadly weapon. Briones was sentenced to, *inter alia*, two life sentences without the possibility of parole. He pleaded guilty but mentally ill. Briones did not file a direct appeal. On August 31, 2020, Briones filed a state petition for writ of habeas corpus. *See Richi Briones v. Gittere, Warden ESP*, Case No. A-20-820-452-W. The state court denied post-conviction relief. Briones then filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial on September 13, 2021, and remittitur issued on October 8, 2021.

On February 3, 2022, Briones initiated this federal habeas corpus proceeding.[2] (ECF No. 1-1.) The Court instructed Briones to resolve the filing fee, and Briones timely complied. (ECF Nos. 4, 5, 6, 7.) Indeed, the docket reflects three receipts of the $5.00 filing fee: (1) receipt number NVRNO005469 recorded on March 30, 2022; (2) receipt number NVLAS-080414 recorded on March 31, 2022; and (3) receipt number NVRNO005517 recorded on April 4, 2022. (*Id.*) Due to the overpayment, the Clerk of Court is instructed to refund the March 31, 2022 and April 4, 2022 filing fee payments to Briones.

## II. DISCUSSION

Briones seeks the appointment of counsel to assist him in this habeas action. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[2]The Court notes that it appears that Briones may have a timeliness issue.

2

1  F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the Motion, the Court will provisionally appoint the Federal Public Defender ("FPD") to represent Briones. The Court finds that appointment of counsel is in the interests of justice given, among other things, Briones's life sentence without the possibility of parole and his plea of guilty but mentally ill.

### III. CONCLUSION

The Clerk of Court is therefore directed to file the Petition. (ECF No. 1-1.)

The Clerk of Court is further directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and electronically serve Respondents' counsel a copy of the Petition as well as electronic copies of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order of the Court.

The Clerk of Court is further directed to file Briones's Motion. (ECF No. 1-2.)

It is therefore ordered that Briones's Motion (ECF No. 1-2) is granted. The FPD is provisionally appointed as counsel and will have 30 days to undertake direct representation of Briones or indicate the office's inability to represent Briones in these proceedings. If the FPD is unable to represent Briones, the Court will appoint alternate counsel. The counsel appointed will represent Briones in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after

counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

The Clerk of Court is further directed to electronically serve the FPD a copy of this order and a copy of the Petition. (ECF No. 1-1.) The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Briones in these proceedings.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Briones remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is further directed to send a copy of this order to Briones, the Nevada Attorney General, the FPD, and the CJA Coordinator for this division.

The Clerk of Court is further directed to refund the $5.00 filing fee received on March 31, 2022 and the $5.00 filing fee received on April 4, 2022 to Briones.

DATED THIS 18th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE