UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHI ORLANDO BRIONES,<br><br>      Petitioner,<br>  v.<br>WILLIAM REUBART, *et al.*,<br><br>      Respondents. | Case No. 3:22-cv-00087-MMD-CSD<br><br>ORDER |

Before the Court is Petitioner Richi Orlando Briones's counseled Motion to Stay Case. (ECF No. 23 ("Motion").) In his Motion, Briones requests a stay of these federal habeas proceedings pending the litigation of his civil rights lawsuit in case number 2:23-cv-00417-APG-DJA. (*Id.*) In support of his Motion, Briones explains the following: (1) he agreed to plead guilty but mentally ill in state court under NRS § 176.057 with the understanding that he would be provided acute and long-term mental health treatment for his various mental health diagnoses while in prison, (2) because he has not received this required mental health treatment, he is currently litigating an ancillary civil rights lawsuit, and (3) if he receives the appropriate mental health treatment as a result of his civil rights lawsuit, his decision to pursue federal habeas relief and to seek to undo his plea would be impacted. (*Id.*) Respondents oppose the Motion, arguing that (1) Briones is attempting to develop new evidence in his civil rights lawsuit that cannot be considered by the Court in this federal habeas action, and (2) Briones's civil rights lawsuit could go on indefinitely. (ECF No. 24.)

"AEDPA does not deprive district courts of [their discretionary] authority" to issue stays, "but it does circumscribe their discretion" such that a stay "must . . . be compatible with AEDPA's purposes." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court is persuaded that a stay is appropriate. A stay will allow Briones to litigate his civil rights

lawsuit and pursue the mental health treatment he was allegedly guaranteed by his guilty but mentally ill plea. This treatment implicates Briones's federal habeas proceedings. Indeed, because the point of Briones's habeas litigation is to undo the plea agreement, pursuing federal habeas relief becomes potentially moot if Briones receives mental health treatment as a result of his civil rights litigation. Moreover, contrary to Respondents' assertion, a stay is not indefinite, as Briones's counseled civil rights lawsuit has already commenced. Additionally, the Court finds that Briones is not seeking a stay in an attempt to develop new evidence; rather, it is apparent that Briones is seeking a stay to promote judicial efficiency. Further, it appears that a stay will not harm Respondents' interests. For these reasons, the Court finds that the requested stay is in the interests of justice and does not unduly impair the interests of finality, efficiency, and comity served by AEDPA.

It is therefore ordered that the Motion (ECF No. 23) is granted. This action is stayed.

It is further ordered that Briones must file a motion to reopen within 30 days of the conclusion of his civil rights lawsuit in case number 2:23-cv-00417-APG-DJA.

The Clerk of Court is further directed to administratively close this action until such time as the Court grants a motion to reopen.

DATED THIS 13th Day of September 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE